UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NOBLE GUILLORY** | **CASE NO. 2:21-CV-01430** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Rule 56 Motion for Summary Judgment" (Doc. 10) filed by Defendant, Property and Casualty Insurance Company of Hartford ("Hartford") seeking dismissal of claims brought by plaintiff Noble Guillory. Plaintiff opposes the motion.

### I. BACKGROUND

This suit arises from damages sustained to Plaintiff Noble Guillory's home by Hurricane Laura. At the time the storm made landfall on August 27, 2020, Plaintiff's home in Calcasieu Parish, Louisiana, was covered by a homeowner's insurance policy issued by Defendant Property and Casualty Insurance Company of Hartford ("Hartford"). Doc. 13-1. The initial policy was effective from November 20, 2007, to November 30, 2008. Doc. 10-1. Thereafter, the Hartford policy was renewed every year until December 2, 2020, when it was canceled by the Guillorys. Doc. 10-1.

The policy provides various forms of property coverage. Doc. 10-4. The policy contains an endorsement; however, on page 47 of 55, the policy clearly and unambiguously

states in bold, oversized, capital letters the title: "**WINDSTORM OR HAIL EXCLUSION**." Doc. 10-5, p. 47. The exclusion is then described as follows: "In all forms, coverage for the peril of windstorm or hail is deleted. However, we do cover for loss of use under Coverage D." *Id.* In addition, Plaintiff signed a "Confirmation of Homeowners Policy Information" that provided "**WIND/HAIL EXCLUSION**" as one of the "**Additional Coverages You Requested**." Doc. 10-5. Every year upon renewal Plaintiff received confirmation of coverage declarations which included the same "windstorm or hail exclusion." Doc. 10-7.

After the storm, Plaintiff submitted a claim to Hartford for the property damage sustained. Doc. 10-1. Hartford advised Plaintiff that his policy included a windstorm exclusion and declined to pay the claim. *Id.* On November 18, 2020, Plaintiff filed suit against Hartford in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Defendant then removed the suit to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Plaintiff alleges that Defendant is liable for property damages and bad faith damages under Louisiana Revised Statutes 22:1973 and 22:1892. Doc. 13-1.

In the instant Motion for Summary Judgment, Defendant argues that the Hartford policy contained a valid windstorm and hail exclusion, and that Plaintiff was informed of the exclusion every year since the policy's inception in 2007. Doc. 10-1. Therefore, Defendant argues that because the policy expressly excluded wind and hail, Hartford cannot be in bad faith for failure to tender or for misrepresenting the policy. *Id.*

In opposition, Plaintiff maintains that this lawsuit presents a negligent misrepresentation claim, and that a genuine dispute of material fact exists as to whether Defendant misrepresented to Plaintiff that the policy included coverage for wind damage. Doc. 13. In support of the contention that a misrepresentation did occur, Plaintiff submits his own affidavit which details that Hartford agreed to procure a policy that included wind coverage, then negligently procured a policy without such coverage, and failed to inform Plaintiff of this exclusion in a clear manner. Doc. 13-2. In further support, Plaintiff argues that Hartford's "Confirmation of Homeowners Policy Information" is ambiguous. Doc. 13.

In their reply, Defendant argues that Plaintiff abandoned his bad faith claims, and as such, they should be dismissed as a matter of law. Doc. 14. In addition, Defendant insists that Plaintiff did not properly plead claims for breach of fiduciary duty. *Id.* Furthermore, Defendant argues that such claims are prescribed. *Id.* Finally, Defendant argues that Plaintiff's self-serving affidavit is not sufficient to defeat a motion for summary judgment, and that it should be stricken from the record. *Id.*

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's

3

case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.   LAW & APPLICATION

#### A. *The Hartford Policy*

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64 (1938); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of

4

interpretation of contracts set forth in the Louisiana Civil Code." *Barrios v. Centaur, LLC*, 2021 WL 2680104, at *2 (E.D. La. June 30, 2021) (citing *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96, 99 (La. 2004)). The contract must be interpreted as a whole, with each provision reviewed in light of the others. *Calcasieu Par. Sch. Bd. v. Miller*, 92 So.3d 1200, 1202 (La. Ct. App. 3d Cir. 2012).

"When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046). When the terms are ambiguous, however, that ambiguity must be construed against the insurer and in favor of coverage. *Id.* at 589–90. Still, the principle of strict "construction of insurance contracts does not authorize a perversion of the words, or the exercise of inventive powers to create an ambiguity where none exists." *Peterson v. Schimek*, 729 So. 2d 1024, 1029 (La. 1999). Unless there is a violation of statutory provisions or public policy, "insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume." *Carbon v. Allstate Ins. Co.*, 719 So. 2d 437, 440 (La. 1998). Yet, "[e]xclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 2006).

The Hartford policy contains an endorsement that states in bold, oversized, capital letters the title: "**WINDSTORM OR HAIL EXCLUSION**." Doc. 10-5, p. 47. Then, the

description provides: "In all forms, coverage for the peril of windstorm or hail is deleted. However, we do cover for loss of use under Coverage D." *Id.*

The type of loss claimed by Plaintiff—windstorm damage—clearly falls within the scope of the exclusion. Indeed, Plaintiff does not argue otherwise. Rather, Plaintiff maintains that the exclusion should not be enforced because there is an ambiguity found in the "Confirmation of Homeowners Policy Information" that he signed when purchasing the policy. Doc. 10-5. Specifically, Plaintiff objects to the section titled "**Additional Coverages You Requested**" as being misleading and subject to conflicting interpretations. Doc. 13. Plaintiff posits that because this provision provides that the policy was issued with both "**WIND/HAIL EXCLUSION**" and "**ADDL LIMITS A B C D**" as "optional coverages," the average person could interpret "**ADDL LIMITS ABCD**" to mean additional limits for coverages A, B, C, and D of his homeowner's policy, and thus negate the "**WIND/HAIL EXCLUSION**." *Id.*

The Court finds Plaintiff's argument unpersuasive. Louisiana law requires the Court to construe an insurance contract "according to the entirety of its terms and conditions as set forth" within the four corners of the policy, and "as amplified, extended, or modified by any" attachment made a part of that policy. La. Rev. Stat. § 22:881. Without deviating from the four corners of the contract, "if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Although Plaintiff relies on a purported conflict within the confirmation document, the exclusion

contained in the policy itself and the yearly renewal declarations unambiguously exclude windstorm coverage.

Furthermore, exclusions inherently "provide exceptions to broader coverage provisions in policies." *Granier v. Specialty Risk Associates, Inc.*, 977 So. 2d 1089, 1092 (La. App. 4 Cir. 2008). Therefore, the existence of a general declaration of coverage—such as "ADDL LIMITS ABCD"—does not negate provisions restricting that coverage elsewhere in the policy. *See id.* Accordingly, the Court finds that the windstorm exclusion is clear, unambiguous, and enforceable.

### B. Bad Faith Claims

Plaintiff alleges that Hartford violated Louisiana Revised Statutes 22:1973 and 22:1892. Doc. 13-1. Specifically, Plaintiff claims that Hartford was in bad faith for: (1) misrepresenting the scope of coverage under the insurance policy when it was purchased; (2) its failure engage in adequate loss adjustment of Plaintiff's claim; and (3) its failure to tender payment for Plaintiff's claim.

In order to establish a cause of action for damages, discretionary penalties, and attorneys' fees under Louisiana Revised Statute 22:1892, a plaintiff must demonstrate that: "(1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute 22:1973 provides that insurers have a duty of good faith in adjusting and settling claims filed by policyholders. *See Dickerson v. Lexington*

*Ins. Co.*, 556 F.3d 290, 297 (5th Cir. 2009). Under Section 1973, insurers are in bad faith if they misrepresent pertinent policy provisions relating to disputed coverages or if they arbitrarily and capriciously fail to pay an amount due to an insured within sixty days of satisfactory proof of loss.

"An insurer does not act arbitrarily or capriciously if it refuses to pay a claim because of a genuine dispute over coverage or the amount of the loss." *BJD Properties, LLC v. Stewart Title Guaranty Co.*, 380 F. Supp. 3d 560, 574 (W.D. La. 2019) (citing *In re Chinese Manufactured Drywall Products Liab. Litig.*, 759 F. Supp. 2d 822, 853 (E.D. La. 2010). Considering the Court has determined that Plaintiff's claimed losses are not within the scope of coverage of the Hartford policy, Defendant did not act arbitrarily or capriciously in denying Plaintiff's claim based on a lack of coverage.

### C. *Breach of Fiduciary Duty & Negligent Misrepresentation*

In his Opposition to Defendant's Motion for Summary Judgment, Plaintiff asserts that Hartford misrepresented the policy when it was purchased in 2007. Doc. 13. Therefore, Plaintiff maintains that Hartford breached fiduciary duties to: (1) advise Plaintiff on his specific insurance needs; and (2) procure adequate and requested coverage. Id. Significantly, however, claims for breach of fiduciary duties require different elements of proof than the other claims plead by Plaintiff in the Petition. Plaintiff did not plead claims for breach of fiduciary duties in the Petition, and as a result, the Court will not consider them.

8

To recover on a claim of negligent misrepresentation, a plaintiff must show: "(1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance on the misrepresentation." *Abbott v. Equity Group, Inc.*, 2 F.3d 613, n.38 (5th Cir.1993). Here, Plaintiff claims that Hartford negligently misrepresented the extent of coverage because he specifically requested coverage for windstorm damage, Hartford failed to notify him as to the deletion of such coverage from the policy, and he relied to his detriment upon the misrepresentation. Doc. 13-1.

The Court finds that Plaintiff has not presented any "significant probative evidence" to support his claim. Although Plaintiff insists that a genuine issue of material fact exists regarding whether Defendant promised to provide windstorm coverage that Plaintiff requested, Plaintiff has only presented a self-serving affidavit to support this contention. A self-serving affidavit alone will not defeat summary judgment dismissal.[1] *See Dalleo v. River Construct. Inc.*, 2003 WL 1916875 (E.D. La. April 17, 2003); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005). Indeed, unsubstantiated assertions are not competent summary judgment evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Regardless of any statement made to Plaintiff regarding Hartford's agreement to procure such policy, Plaintiff's subsequent reliance on such statement to assume that the

---

[1] *See also BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir.1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)).

9

policy included coverage for wind damage "was unreasonable in light of the fact that the policy in this case specifically contains a straightforward, uncomplicated, exclusion against" loss caused by windstorm. *City Blueprint & Supply Co., Inc. v. Boggio*, 3 So. 3d 62, 67 (La. App. 4 Cir. 2008). Such a "blind assumption is not justifiable." *Id.* "An insured is responsible for reading his policy and is presumed to know its terms." *Id.* A review of the policy—or one of the twelve renewal declarations—would have put Plaintiff on notice that his policy was not covered for damages caused by windstorm. Accordingly, the Court finds that Plaintiff has not presented any probative evidence to preclude summary judgment of his claim for negligent misrepresentation.

Moreover, the Court notes that Plaintiff's claims for breach of fiduciary duty and negligent misrepresentation are perempted under Louisiana Revised Statutes 9:5606. Under Louisiana Revised Statutes 9:5606, any claim arising out of the acts of an insurance agent are subject to a three-year peremptive period.[2] Because the acts of an insurance agent are generally imputable to the insurer he represents, the peremptive periods set out in La. R.S. 9:5606 also apply to the claims against the insurer. *Klein v. American Life and Casualty Co.*, 858 So.2d 527, 531 (La. App. 1 Cir. 6/27/03), *writ denied*, 857 So.2d 497 (La. 2003). Because Hartford's alleged misrepresentation, failure to advise Plaintiff on his specific insurance needs, and failure to procure requested coverage occurred in 2007 when

---

[2] Section (D) of Louisiana Revised Statutes 9:5606 clarifies that the one-year and three-year periods are peremptive periods that "may not be renounced, interrupted, or suspended." La. R.S. § 9:5606(D). The Louisiana Civil Code defines peremption as "a period of time fixed by law for the existence of a right" and further explains that "[u]nless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. Civ. Code art. 3458.

10

the initial policy was obtained, prescription began to accrue in 2007, and such claims are perempted.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 10] will be **GRANTED** and all remaining claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of August, 2021.

*[Signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**